## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEQUENTIAL BRANDS GROUP, INC., *et al.,*[1] | ) | Case No. 21-11194 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## <u>JOE'S HOLDINGS, LLC, (CASE NO. 21-11205)</u>

---

[1]       The Debtors, along with the last four digits of each Debtor's tax identification number, are: Sequential Brands Group, Inc. (2789), SQBG, Inc. (9546), Sequential Licensing, Inc. (7108), William Rast Licensing, LLC (4304), Heeling Sports Limited (0479), Brand Matter, LLC (1258), SBG FM, LLC (8013), Galaxy Brands LLC (9583), The Basketball Marketing Company, Inc. (7003), American Sporting Goods Corporation (1696), LNT Brands LLC (3923), Joe's Holdings LLC (3085), Gaiam Brand Holdco, LLC (1581), Gaiam Americas, Inc. (8894), SBG-Gaiam Holdings, LLC (8923), SBG Universe Brands, LLC (4322), and GBT Promotions LLC (7003). The Debtors' corporate headquarters and the mailing address for each Debtor is 1407 Broadway, 38th Floor, New York, NY 10018.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| Sequential Brands Group, Inc., <u>et al.</u>,[1] | : | Case No. 21-11194 (JTD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

## GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Sequential Brands Group, Inc. ("<u>Sequential</u>") and certain of its affiliates, the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>"), are filing their respective Schedules of Assets and Liabilities (each, a "<u>Schedule</u>" and, collectively, the "<u>Schedules</u>") and Statements of Financial Affairs (each, a "<u>Statement</u>" and, collectively, the "<u>Statements</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") pursuant to section 521 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

Lorraine DiSanto has signed each set of the Schedules and Statements. Ms. DiSanto serves as the Chief Financial Officer of Sequential Brands Group, Inc. and has been authorized to execute the Schedules and Statements on behalf of the Debtors. In reviewing and signing the Schedules and Statements, Ms. DiSanto necessarily has relied upon the efforts, statements, and

---

[1]     The Debtors, along with the last four digits of each Debtor's tax identification number, are: Sequential Brands Group, Inc. (2789), SQBG, Inc. (9546), Sequential Licensing, Inc. (7108), William Rast Licensing, LLC (4304), Heeling Sports Limited (0479), Brand Matter, LLC (1258), SBG FM, LLC (8013), Galaxy Brands LLC (9583), The Basketball Marketing Company, Inc. (7003), American Sporting Goods Corporation (1696), LNT Brands LLC (3923), Joe's Holdings LLC (3085), Gaiam Brand Holdco, LLC (1581), Gaiam Americas, Inc. (8894), SBG-Gaiam Holdings, LLC (8923), SBG Universe Brands, LLC (4322), and GBT Promotions LLC (7003). The Debtors' corporate headquarters and the mailing address for each Debtor is 1407 Broadway, 38th Floor, New York, NY 10018.

representations of the Debtors' legal and financial advisors and various personnel employed by the Debtors who report to, or work with, Ms. DiSanto, either directly or indirectly. Ms. DiSanto has not, and could not have, personally verified the accuracy of each such statement and representation, including the statements and representations concerning amounts owed to creditors.

These Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules and Statements (collectively, the "Global Notes") pertain to, and are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their directors, officers, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of, or caused in whole or in part by, the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements.

For the avoidance of doubt, the Debtors, their agents, attorneys, and financial advisors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert

offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, classification, or identity of Debtor, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Further, nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers.

## General Comments and Overview of Methodology

**The Schedules, Statements, and Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors.**

1.  <u>Description of the Cases</u>. On August 31, 2021 (the "<u>Petition Date</u>"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On September 1, 2021, the Bankruptcy Court entered an order, along with other orders (collectively, the "<u>First Day Motions</u>"), authorizing the joint administration of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 64]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.

2.  <u>Basis of Presentation</u>. For financial reporting purposes, the Debtors historically prepared consolidated financial statements. The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on an unconsolidated basis. These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("<u>GAAP</u>"), nor are they intended to reconcile to the financial statements previously distributed to lenders, major creditors, or various equity holders on an intermittent basis. The Debtors used reasonable efforts to attribute the assets and liabilities to each particular Debtor entity. However, because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes rather than for reporting by legal entity, it is possible that not all assets and liabilities have been recorded with the correct legal entity on the Schedules and Statements. Moreover, the Debtor has never considered their accounting and operating practices to assume separate legal entities; therefore, it is possible intercompany balances between legal entities may vary materially. Accordingly, the Debtors reserve all rights to supplement and amend the Schedules and Statements in this regard, including with respect to reallocation of assets or liabilities to any particular entity.

3.  <u>Reporting Date</u>. Unless otherwise noted on the specific responses, the Schedules and Statements generally reflect the Debtors' books and records as of the close of business on August 31, 2021. The liability values are as of the Petition Date, and may have been adjusted for authorized payments made under the First Day Orders (as defined below). As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between the pre- and post-petition periods and amend the Schedules and Statements accordingly.

4.  <u>Current Values</u>. The assets and liabilities of each Debtor are listed on the basis of the net book value of the asset or liability in the respective Debtor's accounting books and records. Therefore, unless otherwise noted, the Schedules and Statements are not based upon any estimate of the current market values of the Debtors' assets and liabilities,

which may not correspond to book values.  It would be cost prohibitive and unduly burdensome to obtain current market valuations of the Debtors' property interests.

5.   <u>Consolidated Entity Accounts Payable and Disbursement Systems</u>. As described in the *Motion of Debtors for Interim and Final Orders (A) Authorizing Continued Use of Existing Cash Management System, Including Maintenance of Existing Bank Accounts, Checks and Business Forms; (B) Authorizing Continuation of Existing Deposit Practices; (C) Waiving Certain U.S. Trustee Guidelines; (D) Authorizing Continuation of Intercompany Transactions; (E) Granting Priority Status to Postpetition Intercompany Claims; (F) Authorizing the Debtors to Open and Close Bank Accounts; and (G) Granting Related Relief* [Docket No. 8] (the "<u>Cash Management Motion</u>"), the Debtors utilize an integrated, centralized cash management system, in the ordinary course of business, to collect, concentrate, and disburse funds generated by their operations (the "<u>Cash Management System</u>"). The Debtors maintain a consolidated disbursements system to pay the majority of operating and administrative expenses through centralized disbursement accounts.

6.   <u>Accuracy</u>. The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized.  In no event shall the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

7.   <u>Net Book Value of Assets</u>. In many instances, current market valuations are not maintained by or readily available to the Debtors. As such, wherever possible and/or as noted, net book values as of the Petition Date are presented. When necessary, the Debtors have indicated that the value of certain assets is "unknown" or "undetermined." Amounts ultimately realized may vary materially from net book value (or other value so ascribed). Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements. As applicable, fixed assets and leasehold improvement assets that have been fully depreciated or amortized, or were expensed for GAAP accounting purposes, have no net book value, and, therefore, are not included in the Schedules and Statements. The Debtors took reasonable actions to note any particular assets with no net book value with any potential market value.

8.     <u>Undetermined Amounts</u>. Claim amounts that could not readily be quantified by the Debtors are scheduled as "unliquidated," "undetermined," "unknown," or "N/A." The description of an amount as "unliquidated," "undetermined," "unknown," or "N/A" is not intended to reflect upon the materiality of the amount.

9.     <u>Excluded Assets and Liabilities</u>. The Debtors believe that they have identified, but did not necessarily value, all material categories of assets and liabilities in the Schedules. The Debtors have excluded the following items from the Schedules and Statements: non-cash accounts related to accounting adjustments to conform with GAAP, deferred financing costs, deferred license revenue and unearned revenue, and Accounts Payable and Accruals that were paid postpetition. Other immaterial assets and liabilities also may have been excluded.

10.     <u>Causes of Action</u>. The Debtors have made their best efforts to set forth known causes of action against third parties as assets in the Schedules and Statements. The Debtors reserve all of their rights with respect to causes of action they may have, whether disclosed or not disclosed, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

11.     <u>Litigation</u>. Certain litigation actions (collectively, the "<u>Litigation Actions</u>") reflected as claims against a particular Debtor may relate to any of the other Debtors. The Debtors made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor(s) that is the party to the Litigation Action. The inclusion of any Litigation Action in the Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action or the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

12.     <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements plus the "unknown" or "undetermined" amounts, as indicated on the total summaries.

13.     <u>Currency</u>. All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

14.     <u>Payment of Prepetition Claims Pursuant to First Day Orders</u>. Pursuant to the First Day Motions, the Debtors sought authority to pay certain outstanding prepetition payables pursuant to a Bankruptcy Court order. The Bankruptcy Court entered various orders authorizing the Debtors to pay certain of the outstanding prepetition payables they sought to pay under the First Day Motions (collectively, the "<u>First Day Orders</u>"), including paying certain prepetition funded debt amounts pursuant to the *Interim Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Super-Priority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [Docket No. 70] (the "<u>Interim DIP</u>

Order") and the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Super-Priority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [Docket No. 110] (the "Final DIP Order"). As such, outstanding liabilities may have been reduced or will be reduced by any court-approved postpetition payments made on prepetition payables. Where and to the extent these liabilities have been satisfied, they may not be listed in the Schedules and Statements. To the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities, to the extent that any such action is necessary. For the avoidance of doubt, the Debtors are not required to, and may not, amend the Schedules and Statements to reflect the postpetition payment of prepetition obligations under the First Day Orders. Nothing contained herein should be deemed to alter the rights of any party-in-interest to contest a payment made pursuant to an order of the Bankruptcy Court where such order preserves the right to contest.

15.  Other Paid Claims. To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Debtors' Schedules and Statements, and shall be enforceable by all parties, subject to Bankruptcy Court approval.

16.  Property, Plant, and Equipment. Owned property and equipment are recorded at cost and are shown net of depreciation. Depreciation is recorded using the straight-line method.

17.  Debtors' Reservation of Rights. Nothing contained in the Schedules, Statements, or Global Notes shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, the following:

a.  Any failure to designate a claim listed on the Debtors' Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on the Schedules as to amount, liability, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

b.  Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

c.      The listing of a claim (i) on Schedule D as "secured," (ii) on Schedule E/F (Part 1) as "priority," (iii) on Schedule E/F (Part 2) as "unsecured," or (iv) listing a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment, claim objection, or otherwise. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken. Except as provided in an order of the Bankruptcy Court, the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

d.      The Debtors' individual brand businesses are part of an overall enterprise. Although the Debtors have exercised their reasonable efforts to ensure the accuracy of their Schedules and Statements, they nevertheless may contain errors and omissions. The Debtors hereby reserve all of their rights to dispute the validity, status, and enforceability of any contracts, agreements, and leases identified in the Debtors' Schedules and Statements, and to amend and supplement the Schedules and Statements as necessary.

e.      The Debtors further reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules and Statements, including, but not limited to, the right to dispute and challenge the characterization or the structure of any transaction, document, and instrument related to a creditor's claim.  Nothing contained in the Schedules and Statements or the Global Notes is intended to be or should be construed as an admission or stipulation of the validity of any claim against the Debtors or any assertion made or a waiver of the Debtors' rights to dispute any such claim or assert any cause of action or defense against any party.

f.      The Debtors exercised their reasonable efforts to locate and identify guarantees and other secondary liability claims (the "Guarantees") in their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Where such Guarantees have been identified, they are included in the relevant Schedules and Statements. Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements may have been omitted inadvertently. Thus, the Debtors reserve their rights to amend and supplement the Schedules and Statements to the extent that additional Guarantees are identified. In addition, the Debtors reserve the right to amend the Schedules and Statements to re-characterize and reclassify any such contract or claim.

g.     Listing a contract or lease on the Debtors' Schedules and Statements shall not be deemed an admission that such contract is an executory contract, such lease is an unexpired lease, or that either necessarily is a binding, valid, and enforceable contract. The Debtors hereby expressly reserve the right to assert that any contract listed on the Debtors' Schedules and Statements does not constitute an executory contract within the meaning of Bankruptcy Code section 365, and the right to assert that any lease so listed does not constitute an unexpired lease within the meaning of Bankruptcy Code section 365.

h.     Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

i.     In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.  Such individuals may no longer serve in such capacities.  In the interest of additional disclosure, the Debtors have also included certain individuals who may have officer titles in their responses to Statements.

j.     The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved.  Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for: (1) the purposes of determining (a) control of the Debtors; (b) the extent to which any individual exercised management responsibilities or functions; (c) corporate decision-making authority over the Debtors; or (d) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (2) any other purpose.

18.   <u>Global Notes Control</u>. In the event that the Schedules or Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

<u>**Global Notes with Respect to the Debtors' Schedules**</u>

1.      **Schedule A/B – Assets – Real and Personal Property**

     a.      <u>Item 3 – Checking, Savings, Money Market, or Financial Brokerage Accounts</u>. Schedule A/B Item 3 lists all bank account balances in U.S. Dollars. The entries should be viewed on a net basis at the consolidated level for all Debtors though they are reported at the entity level for reporting purposes in this Schedule.

     b.      <u>Item 11 – Accounts Receivable</u>. Item 11 identifies the face amount of the accounts receivable balances as of the Petition Date due from licensees to the Debtor.

     c.      <u>Item 15 – Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses</u>. Debtors' equity interest in the other Debtors or non-Debtor entities arises from either a majority or minority ownership of that entity. For purposes of these Schedules, where a Debtor has interests in another Debtor or non-Debtor entity, the Debtor lists either the net book value or an unknown value.

     d.      <u>Items 54 and 55 – Building or Property which the Debtors Owns or Has an Interest</u>. The Debtors' lease property at 1407 Broadway, 38th Floor, New York, NY 10018 (the "<u>1407 Broadway Office</u>"). The Debtors' will periodically perform leasehold improvements for the 1407 Broadway Office, which has been listed on the Schedule at the net book value. The leased property has not been appraised by a professional.

     e.      <u>Items 60 – 62 – Intangibles and Intellectual Property</u>. Certain of the Debtors' intellectual property is listed at the net book value, which may not accurately reflect their value in the marketplace at the time of the Auction (as defined in the Debtors' Bidding Procedures).

        As of the Petition Date, the Debtors' intellectual property licenses were generating account receivables.

        The Debtors' own the rights to multiple domain names, but the value of each is currently unknown.

     f.      <u>Item 69 – Appraisal of Intellectual Property</u>. The Debtors' intellectual property has been appraised by a professional within the last year. The Company had commissioned Houlihan Lokey to appraise certain of the Debtors' intellectual property for the ultimate purpose of marketing the intellectual property assets for sale. Bank of America also retained an appraiser to perform an appraisal of the intellectual property, however, this appraisal was done to assess Bank of America's collateral and loan to value ratio under one of the Debtors' prepetition funded debt facilities, and does not necessarily reflect the market value of the Debtors' assets.

g.      <u>Item 73 – Interests in Insurance Policies and Annuities</u>.  All insurance policies that were outstanding as of the Petition Date have been listed. Any value for the prepaid premiums has been previously reported in Schedule A/B 8.

h.      <u>Items 74 and 75 – Causes of Action Against Third Parties and Other Contingent and Unliquidated Claims or Causes of Action</u>.  Despite exercising their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties and any other claims as assets in their Schedules. The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

i.      <u>Item 77 – Property of Any Kind Not Already Listed</u>.  The Debtors typically report financials on a consolidated basis and operate as a single entity. Intercompany transactions are recorded in each instance where assets are moved from one entity to the other, and a corresponding intercompany payable credit is entered. The Debtors' do not report intercompany balances on the consolidated level as the transactions create net balances. Intercompany payables have been disclosed in Schedule E/F.

In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, cross-claims, credits, rebates, or refunds with their customers and suppliers or potential warranty claims against their suppliers. The Debtors reserve all of their rights with respect to any claims and causes of action they may have. Neither these Global Notes nor the Schedules shall be deemed a waiver of any such claims or causes of action or to prejudice or impair the assertion thereof in any way. All known ongoing litigation claims against the Debtors are listed on Schedule E/F.

2.      <u>Schedule D – Creditors Who Have Claims Secured by Property</u>.  The secured claims listed on Schedule D are attributable to secured creditors that have been disclosed. Sequential Brands Group, Inc. is the primary borrower on all documentation, and the other Debtors (excluding GBT Promotions LLC) are guarantors of the secured debt.  As of the Petition Date, the total value of all secured claims was approximately $426.41 million across all Debtors as outlined in the filed *Declaration of Lorraine DiSanto in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 3].

Except as otherwise ordered by the Bankruptcy Court, including as provided in the Interim DIP Order and the Final DIP Order, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the

secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

3.    <u>Schedule E/F, Part 2 – Creditors Who Hold Unsecured Claims</u>.  Certain creditors listed on Schedule E/F may owe amounts to the Debtors, and, as such, the Debtors may have valid setoff and recoupment rights with respect to such amounts. The amounts listed on Schedule E/F, may not reflect any such right of setoff or recoupment, and the Debtors reserve all rights to assert the same and to dispute and challenge any setoff and/or recoupment rights that may be asserted against the Debtors by a creditor. Additionally, certain creditors may assert mechanic's, materialman's, or other similar liens against the Debtors for amounts listed on Schedule E/F. The Debtors reserve their rights to dispute and challenge the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F of any Debtor.

The Debtors have made reasonable efforts to include all unsecured creditors on Schedule E/F, including, but not limited to, ordinary course professionals and other service providers. Certain intercompany liabilities are included on Schedule E/F that have arisen in the normal course of assets being moved amongst Debtor entities where corresponding intercompany receivable and liability entries were entered.

Notwithstanding the foregoing, the Debtors believe that there are instances where creditors have yet to provide proper invoices for prepetition goods or services. Moreover, Schedule E/F does include some accrued and AP aging for two creditors. The remaining accrued and AP aging were either paid by Galaxy, through the First Day Orders, or through the Company credit card so they are not included on Schedule E/F, Part 2. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals primarily represent general estimates of liabilities and do not represent specific claims as of the Petition Date. The Debtors have made reasonable efforts to include as contingent, unliquidated, and/or disputed the claim of any party not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

Schedule E/F also contains information regarding pending litigation involving the Debtors. To the extent that litigation involving a particular Debtor has been identified, such information is included on that Debtor's Schedule E/F. The amounts for these potential claims are listed as unknown and marked as contingent, unliquidated and/or disputed in the Schedules as applicable.

The Debtors may pay additional claims listed on Schedule E/F. during these chapter 11 cases pursuant to orders of the Bankruptcy Court and the Debtors reserve all of their rights

to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claim. Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that have been, or may be, rejected.

4.      Schedule G – Executory Contracts and Unexpired Leases. Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "Agreements"), review is ongoing and inadvertent errors, omissions or overinclusion may have occurred. The Debtors may have entered into various other types of Agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, and amendments/letter agreements that may not be set forth in Schedule G.   In addition, certain non-disclosure and/or confidentiality agreements, including those entered into in connection with the Debtors' prepetition marketing and postpetition bidding and sale process, may have been omitted.

Omission of an agreement from Schedule G does not constitute an admission that such omitted agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted Agreements. Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable. The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed on Schedule G. Executory agreements that are oral in nature have not been included in Schedule G. Any and all of the Debtors' rights, claims, and causes of action with respect to the Agreements listed on Schedule G are hereby reserved and preserved, and as such, the Debtors hereby reserve all of their rights to (i) dispute the validity, status, or enforceability of any Agreements set forth on Schedule G, (ii) dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim, including, but not limited to, the Agreements listed on Schedule G, and (iii) to amend or supplement such Schedule as necessary. Certain of the Agreements listed on Schedule G may have been entered into on behalf of more than one of the Debtors.  Additionally, the specific Debtor obligor(s) to certain of the Agreements may not have been specifically ascertained in every circumstance.   The Debtors have made all reasonable efforts to identify the correct Debtor's Schedule G on which to list the Agreement. Finally, for certain of the Agreements included on Schedule G, there was no stated term.  Such Agreements are marked in Schedule G as being in effect until termination.

Further, the Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified.

5.      Schedule H – Co-debtors. On Schedule H, the Debtors included debts for which more than one Debtor may be liable even where such debts were reflected on Schedules E/F or G for

the respective Debtors.  To the extent these Global Notes include notes specific to Schedules D-G, such notes apply to the co-debtors listed in Schedule H.

### Global Notes with Respect to the Debtors' Statements

1.   Statement 1-2. Financial statements for operating and non-operating gross revenue are made as of the Debtors' fiscal year. The Debtors' fiscal year end is defined as December 31st of each year.

2.   Statement 3. The Debtors typically operate as a consolidated entity for the purposes of operating the business in the ordinary course. All obligations of the Debtors have been allocated to specific Debtor entities to the best of the Debtors' knowledge.

3.   Statement 4. The Debtors reserve all rights with respect to the determination or status of a person as an "insider" as defined in Bankruptcy Code section 101(13). For more information regarding each Debtor's officers and directors, see Statement 28 and Statement 29.

4.   Statement 7. Actions described in response to Statement 7 include, but are not limited to, litigation proceedings, foreclosure actions, regulatory inquiries, unclaimed property examinations, breach of contract, and patent disputes.

   The Debtors reserve all of their rights and defenses with respect to any and all listed lawsuits and administrative proceedings. The listing of such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors or any affiliates of the Debtors. The Debtors also reserve their rights to assert that neither the Debtors nor any affiliate of the Debtors is an appropriate party to such actions or proceedings.  Further, the Debtors operate in numerous jurisdictions and in the ordinary course of business may have disputed property valuations/tax assessments. The Debtors have not listed such disputes on Statement 7.

   On July 1, 2021, two shareholder derivative suits against the Debtors – *Delmonico v. Shmidman et al.* (No. 21-00060) and *D'Arcy v. Shmidman, et al.* (No. 21-00862) – were consolidated into *In re Sequential Brands Group, Inc. Derivative Litigation*, C.A. No. 21-c-60-CFC.

   In regards to *In re Payless Holdings, LLC, et al.* and *Payless Holdings LLC, et al. v. Martha Stewart Living Omnimedia, Inc.*, Sequential Brands Group, Inc. no longer owns Martha Stewart Living Omnimedia, Inc. ("MSLO"), but has agreed to indemnify MSLO.

5.   Statement 9. Because the Debtors use a centralized cash management system whereby certain disbursements are made by Sequential Licensing, Inc., payments related to charitable contributions are reflected on the Statements of Sequential Licensing, Inc. only, but were made on behalf of Sequential Brands Group, Inc.  Payments made to those organizations listed in Statement 9 have been disclosed to the best of the Debtors' knowledge.

6.     <u>Statement 11</u>. Because the Debtors use a centralized cash management system whereby certain disbursements are made by Sequential Licensing, Inc., payments related to bankruptcy are reflected on the Statements of Sequential Licensing, Inc. only, but were made on behalf of all of the Debtors.

The Debtors have used reasonable efforts to identify payments for services of any entities who provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date, which are identified in the Debtors' response to Statement 11. Additional information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications for those firms and related orders.

7.     <u>Statement 25</u>. The Debtors have made their best effort within reasonable means to identify all business entities that have been in operation over the last six years that the Debtors have controlled. The Debtors' have operated under multiple business entity names and trademarks over the previous six years. Due to a limited number of employees employed throughout the duration of the time period in question and limited legal documentation for the entities, the Debtors' have provided the information to the best of their knowledge for each entity's nature of business and dates of existence.

8.     <u>Statement 26(d)</u>. During the two years immediately preceding the Petition Date, the Debtors have provided financial statements on a consolidated basis in the ordinary course of their business to various parties, including government entities and other interested parties, through online data rooms and other diligence procedures. Furthermore, as a public company, the Debtors provide routine and ordinary course disclosures through 10-K and 10-Q Security and Exchange Commission required filings.

9.     <u>Statement 28</u>. The Debtors listed all officers and directors in Attachment 28 to Statement 28.

On October 7, 2021, Mr. Aaron Hollander resigned as director of the Board of Sequential Brands Group, Inc. The resignation did not involve a disagreement with the Company on any matter relating to its operations, policies or practices, or any performance related issues.

10.    <u>Statement 29</u>. The directors and officers listed on Statement 29 resigned throughout the year prior to the Petition Date due to various reasons, including as a result of the execution of the Fourth Amendment to Third Amended and Restated Credit Agreement Side Letter (as amended and supplemented, the "<u>Side Letter</u>"), dated November 16, 2020, by and between Sequential Brands Group, Inc., the Guarantors party thereto, the Lenders party thereto, and Wilmington Trust, N.A. The Side Letter required Sequential Brands Group, Inc. to reduce the size of the board of directors (the "<u>Board</u>") to four directors effective as of April 1, 2021 and procure and accept irrevocable letters of resignations of the directors (other than the Existing KKR Designees) in order to satisfy the reduction in the size of the Board.

11.     <u>Statement 30</u>. Any and all known disbursements to insiders of the Debtors have been listed in the Debtors response to Statement 4. The items listed under Statement 30 incorporate by reference any items listed under Statement 4, and vice versa.

**Fill in this information to identify the case:**

Debtor Name: In re : Joe's Holdings, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 21-11205 (JTD)

☐ Check if this is an amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals          12/15

## Part 1:   Summary of Assets

1. **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**

      Copy line 88 from *Schedule A/B* ....................................................................................

      $       0.00

    1b. **Total personal property:**

      Copy line 91A from *Schedule A/B* ................................................................................

      $    82,617,848.64

    1c. **Total of all property:**

      Copy line 92 from *Schedule A/B* ..................................................................................

      $    82,617,848.64

      Plus Unknown Amounts

## Part 2:   Summary of Liabilities

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)

    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* ....................

    $   426,381,330.00

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**

      Copy the total claims from Part 1 from line 5a of *Schedule E/F* ............................................

      $       0.00

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**

      Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ................................

      + $    700,249.82

4. **Total liabilities**

    Lines 2 + 3a + 3b ..................................................................................................

    $   427,081,579.82

**Fill in this information to identify the case:**

Debtor Name: In re : Joe's Holdings, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 21-11205 (JTD)

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:    Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☑ No. Go to Part 2.

   ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**
   
   $ _____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

   Name of institution (bank or brokerage firm)    Type of account    Last 4 digits of account number

   $ _____

4. **Other cash equivalents** *(Identify all)*

   $ _____

5. **Total of Part 1**
   
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

   $ _____ 0.00

Debtor:    Joe's Holdings, LLC
_____    Case number *(if known)*    21-11205
           Name                                                        _____

---

**Part 2:    Deposits and prepayments**

6.  **Does the debtor have any deposits or prepayments?**

    ☑ No. Go to Part 3.

    ☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

7.  **Deposits, including security deposits and utility deposits**

    Description, including name of holder of deposit

    _____    $ _____

8.  **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

    Description, including name of holder of prepayment

    _____    $ _____

9.  **Total of Part 2.**

    Add lines 7 through 8. Copy the total to line 81.                    $ _____ 0.00

Debtor: Joe's Holdings, LLC
Name

Case number *(if known)* 21-11205

---

**Part 3:**  Accounts receivable

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

**Current value of debtor's interest**

11. **Accounts receivable**

| | | Description | face amount | | doubtful or uncollectible accounts | | | |
|---|---|---|---|---|---|---|---|---|
| 11a. | 90 days old or less: | Licensee Receivables | $ 45,889.00 | - $ | 0.00 | =.....➔ | $ | 45,889.00 |
| 11b. | Over 90 days old: | Licensee Receivables | $ 257,952.00 | - $ | 242,502.00 | =.....➔ | $ | 15,450.00 |

12. **Total of Part 3.**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

$ 61,339.00

Debtor:  Joe's Holdings, LLC

Case number *(if known):*  21-11205

Name

| Part 4: | Investments |
| --- | --- |

13.  **Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- |

14.  **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

|  |  | $ |
| --- | --- | --- |

15.  **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                                                    % of ownership:

|  |  |  | $ |
| --- | --- | --- | --- |

16.  **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

|  |  | $ |
| --- | --- | --- |

17.  **Total of Part 4.**

Add lines 14 through 16. Copy the total to line 83.

$ _____ 0.00

Debtor: Joe's Holdings, LLC
_____
Name

Case number *(if known)*: 21-11205
_____

| Part 5: | Inventory, excluding agriculture assets |

18. **Does the debtor own any inventory (excluding agriculture assets)?**
- ☒ No. Go to Part 6.
- ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | $ | | $ |
| 20. **Work in progress** | | $ | | $ |
| 21. **Finished goods, including goods held for resale** | | $ | | $ |
| 22. **Other inventory or supplies** | | $ | | $ |

23. **Total of Part 5.**
Add lines 19 through 22. Copy the total to line 84.

$ _____ 0.00

24. **Is any of the property listed in Part 5 perishable?**
- ☐ No
- ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
- ☐ No
- ☐ Yes. Description _____ Book value $ _____ Valuation method _____ Current value $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
- ☐ No
- ☐ Yes

Debtor: Joe's Holdings, LLC

Name

Case number *(if known)*: 21-11205

## Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**
    ☒ No. Go to Part 7.
    ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | $ | | $ |
| 29. **Farm animals** *Examples:* Livestock, poultry, farm-raised fish | $ | | $ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | $ | | $ |
| 31. **Farm and fishing supplies, chemicals, and feed** | $ | | $ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | $ | | $ |
| 33. **Total of Part 6.** Add lines 28 through 32. Copy the total to line 85. | | | $ 0.00 |

34. **Is the debtor a member of an agricultural cooperative?**
    ☐ No
    ☐ Yes. Is any of the debtor's property stored at the cooperative?
       ☐ No
       ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
    ☐ No
    ☐ Yes.  Description_____  Book value $ _____  Valuation method _____  Current value $ _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
    ☐ No
    ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
    ☐ No
    ☐ Yes

Debtor:  Joe's Holdings, LLC                                        Case number *(if known)*:   21-11205
_____              _____
         Name

| **Part 7:** | **Office furniture, fixtures, and equipment; and collectibles** |

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | $ | | $ |
| **40. Office fixtures** | $ | | $ |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | $ | | $ |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings,prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | $ | | $ |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.

$ _____ 0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor:   Joe's Holdings, LLC
_____
          Name

Case number *(if known)*:   21-11205
_____

## Part 8:   Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| _____ | $ _____ | | $ _____ |
| 49. **Aircraft and accessories** | | | |
| _____ | $ _____ | | $ _____ |
| 50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| _____ | $ _____ | | $ _____ |

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$ _____ 0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor: Joe's Holdings, LLC
_____
Name

Case number *(if known)*: 21-11205
_____

## Part 9: Real property

54. **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

□ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br><br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | $ _____ | _____ | $ _____ |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$            0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?`**

□ No

□ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

□ No

□ Yes

Debtor:   Joe's Holdings, LLC
_____
          Name

Case number *(if known)*:   21-11205

---

**Part 10:    Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐  No. Go to Part 11.
☑  Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 Trademark | $ 35,000,000.00 | Net Book Value | $ 35,000,000.00 |
| 61. **Internet domain names and websites** | | | |
| 61.1 None | $ | | $ |
| 62. **Licenses, franchises, and royalties** | | | |
| 62.1 None | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| 63.1 None | $ | | $ |
| 64. **Other intangibles, or intellectual property** | | | |
| 64.1 None | $ | | $ |
| 65. **Goodwill** | | | |
| 65.1 None | $ | | $ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ 35,000,000.00

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☑  No
☐  Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐  No
☑  Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐  No
☑  Yes

---

Debtor:  Joe's Holdings, LLC
_____          Case number *(if known):*   21-11205
Name

## Part 11:   All other assets

70.  **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐  No. Go to Part 12.
☑  Yes. Fill in the information below.

|  |  | Current value of debtor's interest |
|--|--|--|

71.  **Notes receivable**

| Description (include name of obligor) | Total face amount | doubtful or uncollectible accounts | | |
|--|--|--|--|--|
| 71.1  None | $ _____ - $ _____ | =..... ➔ | $ _____ |

72.  **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

| 72.1  None | Tax year | $ _____ |
|--|--|--|

73.  **Interests in insurance policies or annuities**

| 73.1  See Schedule A/B 73 Attachment | $ | Unknown |
|--|--|--|

74.  **Causes of action against third parties (whether or not a lawsuit has been filed)**

| 74.1  None | $ _____ |
|--|--|

Nature of claim          _____

Amount requested     $ _____

75.  **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

| 75.1  None | $ _____ |
|--|--|

Nature of claim          _____

Amount requested     $ _____

76.  **Trusts, equitable or future interests in property**

| 76.1  None | $ _____ |
|--|--|

77.  **Other property of any kind not already listed**  *Examples*: Season tickets, country club membership

| 77.1  Brand Matter, LLC (intercompany receivables) | $ | 358,100.00 |
|--|--|--|
| 77.2  Sequential Licensing, Inc. (intercompany receivables) | $ | 47,198,409.64 |

78.  **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

| $ | 47,556,509.64 |
|--|--|

79.  **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑  No
☐  Yes

Debtor: Joe's Holdings, LLC
_____
Name

Case number *(if known)*    21-11205
_____

## Part 12: Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 61,339.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9*.......................................➔ | | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 35,000,000.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $ 47,556,509.64 | |
| 91. **Total.** Add lines 80 through 90 for each column................91a. | $ 82,617,848.64 + 91b. | $ 0.00 |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ............................................................ | | $ 82,617,848.64 |

**Fill in this information to identify the case:**

Debtor Name: In re : Joe's Holdings, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 21-11205 (JTD)

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property          12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

| **Part 1:** | **List Creditors Who Have Secured Claims** |
| --- | --- |

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

*Column A*
**Amount of claim**
Do not deduct the value of collateral.

*Column B*
**Value of collateral that supports this claim**

**2.1 Creditor's name**

Bank of America, N.A., as agent
Creditor's Name

**Creditor's mailing address**

Notice Name
100 N Tryon St
Street

| Charlotte | NC | 28202 |
| --- | --- | --- |
| City | State | ZIP Code |

Country

**Creditor's email address, if known**

**Date debt was incurred**    7/1/2016

**Last 4 digits of account number**    2044

**Do multiple creditors have an interest in the same property?**

☑ No

☐ Yes. Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

Trademarks                $     127,913,705.00   $          Unknown

**Describe the lien**

Secured Credit Agreement 1st Lien

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☑ Yes. Fill out *Schedule H: Codebtors(Official Form 206H).*

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent

☑ Unliquidated

☐ Disputed

Debtor:   Joe's Holdings, LLC
_____
Name

Case number *(if known)*   21-11205

| **Part 1:** | **Additional Page** |
|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

*Column A*
**Amount of claim**
Do not deduct the value of collateral.

*Column B*
**Value of collateral that supports this claim**

2.2 **Creditor's name**

Wilmington Trust, N.A. as Trustee
_____
Creditor's Name

**Creditor's mailing address**
_____
Notice Name

50 South Sixth Street
_____
Street

Suite 1290
_____

Minneapolis        MN        55402
_____
City        State        ZIP Code

_____
Country

**Creditor's email address, if known**
_____

**Date debt was incurred**        7/1/2016
_____

**Last 4 digits of account number**        9337
_____

**Do multiple creditors have an interest in the same property?**

☒ No
☐ Yes. Have you already specified the relative priority?

   ☐ No. Specify each creditor, including this creditor, and its relative priority.
   _____

   ☐ Yes. The relative priority of creditors is specified on lines
   _____

**Describe debtor's property that is subject to a lien**

Trademarks        $        298,467,625.00     $        Unknown
_____

**Describe the lien**

Secured Credit Agreement 2nd Lien
_____

**Is the creditor an insider or related party?**

☒ No
☐ Yes

**Is anyone else liable on this claim?**

☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☐ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**        $        426,381,330.00

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | | | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|---|---|
| James-Bates-Brannan-Groover LLP | | | Line  2.2 | |
| Name | | | | |
| Sara Kate Rumsey and Doroteya Wozniak | | | | |
| Notice Name | | | | |
| 3399 Peachtree Road NE, Suite 1700 | | | | |
| Street | | | | |
| Atlanta | GA | 30326 | | |
| City | State | ZIP Code | | |
| Country | | | | |
| King & Spalding | | | Line  2.2 | |
| Name | | | | |
| Roger Schwartz, Esq., Peter Montoni, Esq., Timothy Fesenmyer, Esq. | | | | |
| Notice Name | | | | |
| 1185 Avenue of the Americas | | | | |
| Street | | | | |
| New York | NY | 10036 | | |
| City | State | ZIP Code | | |
| Country | | | | |
| Morgan, Lewis & Bockius LLP | | | Line  2.1 | |
| Name | | | | |
| Marjorie Crider, Esq., Julie Frost-Davies, Esq., Christopher L. Carter | | | | |
| Notice Name | | | | |
| One Federal Street | | | | |
| Street | | | | |
| Boston | MA | 02110 | | |
| City | State | ZIP Code | | |
| Country | | | | |

Debtor:  Joe's Holdings, LLC
_____
Name

Case number *(if known)*    21-11205
_____

Morris, Nichols, Arsht & Tunnell LLP
_____
Name

Line  2.2
_____

Robert J. Dehney
_____
Notice Name

1201 N. Market Street, Suite 1600
_____
Street

Wilmington                          DE                19801
_____
City                                State             ZIP Code

_____
Country

Province, LLC
_____
Name

Line  2.2
_____

Daniel Moses, Brooks Kanski,  David Dachelet
_____
Notice Name

2360 Corporate Circle, Suite 330
_____
Street

Henderson                           NV                89074
_____
City                                State             ZIP Code

_____
Country

Robinson & Cole LLP
_____
Name

Line  2.1
_____

Rachel J. Mauceri
_____
Notice Name

1201 N. Market Street, Suite 1406
_____
Street

Wilmington                          DE                19801
_____
City                                State             ZIP Code

_____
Country

Official Form 206D            **Schedule D: Creditors Who Have Claims Secured by Property**            Page 4 of 4

**Fill in this information to identify the case:**

Debtor Name: In re : Joe's Holdings, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 21-11205 (JTD)

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims
12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

☑ No. Go to Part 2.

☐ Yes. Go to Line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | Total claim | Priority amount |
|---|---|---|

2.1 **Priority creditor's name and mailing address**

Creditor Name

Creditor's Notice name

Address

City          State          ZIP Code

Country

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

**As of the petition filing date, the claim is:** $ _____     $ _____
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☐ No

☐ Yes

**Part 2:**    **List All Creditors with NONPRIORITY Unsecured Claims**

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  | Amount of claim |
|---|---|

3.1 **Nonpriority creditor's name and mailing address**

Centric Brands LLC
Creditor Name

_____
Creditor's Notice name

350 Fifth Avenue
Address

_____

| New York | NY | 10018 |
|---|---|---|
| City | State | ZIP Code |

_____
Country

**Date or dates debt was incurred**

**Last 4 digits of account number**

**As of the petition filing date, the claim is:**    $ 448,915.82
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

Trade

**Is the claim subject to offset?**

☑ No

☐ Yes

3.2 **Nonpriority creditor's name and mailing address**

Sequential Brands Group, Inc.
Creditor Name

_____
Creditor's Notice name

1407 Broadway
Address

38th FL

| New York | NY | 10018 |
|---|---|---|
| City | State | ZIP Code |

_____
Country

**Date or dates debt was incurred**

**Last 4 digits of account number**

**As of the petition filing date, the claim is:**    $ 210,000.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

Intercompany

**Is the claim subject to offset?**

☐ No

☑ Yes

Debtor:  Joe's Holdings, LLC

Case number *(if known)*    21-11205

Name

3.3 **Nonpriority creditor's name and mailing address**

Simon Management Assoc.

Creditor Name

Creditor's Notice name

401 NE Northgate Way

Address

Suite 210

| Seattle | WA | 98125 |
|---------|-----|----------|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**

12/5/2019

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:**  $            41,334.00

*Check all that apply.*

☐  Contingent

☐  Unliquidated

☐  Disputed

**Basis for the claim:**

Marketing

**Is the claim subject to offset?**

☑  No

☐  Yes

**Part 3:**     List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.**
   **If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| | Line | |
| Name | ☐   Not Listed.Explain | |
| Notice Name | | |
| Street | | |
| | | |
| | | |
| City          State          ZIP Code | | |
| Country | | |

**Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. **Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $ 0.00 |
| 5b. **Total claims from Part 2** | 5b. **+** | $ 700,249.82 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 700,249.82 |

**Fill in this information to identify the case:**

Debtor Name: In re : Joe's Holdings, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 21-11205 (JTD)

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases                12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. | List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest** | License Agreement | ACI International<br>Name |
| | | | Steven Jackson<br>Notice Name |
| | | | 844 Moraga Drive |
| | **State the term remaining** | Terminated Early | Address |
| | **List the contract number of any government contract** | | |
| | | | Los Angeles    CA    90049<br>City    State    ZIP Code |
| | | | Country |
| 2.2 | **State what the contract or lease is for and the nature of the debtor's interest** | Settlement Agreement and Mutual General Release | ACI International<br>Name |
| | | | Steven Jackson<br>Notice Name |
| | | | 844 Moraga Drive |
| | **State the term remaining** | Terminated Early - 11/29/2018 | Address |
| | **List the contract number of any government contract** | | |
| | | | Los Angeles    CA    90049<br>City    State    ZIP Code |
| | | | Country |

Debtor: Joe's Holdings, LLC
Name

Case number *(if known)*: 21-11205

**2.3** State what the contract or lease is for and the nature of the debtor's interest: License Agreement

Bellevue Brands, Inc.
Name

Ricky Ramnani
Notice Name

State the term remaining: 28 months (12/31/23)

2 Jill Court
Address

Building 21

List the contract number of any government contract

| Hillsborough | NJ | 08844 |
|---|---|---|
| City | State | ZIP Code |

Country

**2.4** State what the contract or lease is for and the nature of the debtor's interest: License Agreement

Bespoke Fashion LLC
Name

Ariana Gailie
Notice Name

State the term remaining: 28 months (12/31/23)

350 Madison Avenue
Address

Suite 1501

List the contract number of any government contract

| New York | NY | 10017 |
|---|---|---|
| City | State | ZIP Code |

Country

**2.5** State what the contract or lease is for and the nature of the debtor's interest: License Agreement

BMG Import Exports, Inc
Name

Daniel Bouskila
Notice Name

State the term remaining: Expired 6/30/21

19 W. 34th Street
Address

Suite 914

List the contract number of any government contract

| New York | NY | 10001 |
|---|---|---|
| City | State | ZIP Code |

Country

Debtor:    Joe's Holdings, LLC

Name

Case number *(if known)*    21-11205

| | | |
|---|---|---|
| 2.6 | **State what the contract or lease is for and the nature of the debtor's interest** | License Agreement |
| | | Brixton, LLC |
| | | Name |
| | | Notice Name |
| | **State the term remaining** | Expired 10/20/2017 |
| | | 3821 Ocean Ranch Blvd. |
| | | Address |
| | **List the contract number of any government contract** | |

| | | |
|---|---|---|
| Oceanside | CA | 92056 |
| City | State | ZIP Code |

Country

| | | |
|---|---|---|
| 2.7 | **State what the contract or lease is for and the nature of the debtor's interest** | License Agreement |
| | | Burma Bibas LLC |
| | | Name |
| | | Steve Martucci |
| | | Notice Name |
| | **State the term remaining** | 6/31/2021 |
| | | 9725 Beach Channel Drive |
| | | Address |
| | **List the contract number of any government contract** | |

| | | |
|---|---|---|
| Rockaway Park | NY | 11693 |
| City | State | ZIP Code |

Country

| | | |
|---|---|---|
| 2.8 | **State what the contract or lease is for and the nature of the debtor's interest** | License Agreement |
| | | Centric West LLC |
| | | Name |
| | | Notice Name |
| | **State the term remaining** | 76 months (12/31/27) |
| | | 350 FIFTH AVENUE |
| | | Address |
| | **List the contract number of any government contract** | |

| | | |
|---|---|---|
| New York | NY | 10118 |
| City | State | ZIP Code |

Country

Debtor:   Joe's Holdings, LLC
Name

Case number (if known):   21-11205

**2.9  State what the contract or lease is for and the nature of the debtor's interest**

Settlement Agreement and Release

Esquire Footwear Brands, LLC
Name

Notice Name

385 Fifth Avenue
Address

**State the term remaining**   Upon Termination

2nd FL

**List the contract number of any government contract**

| New York | NY | 10016 |
|---|---|---|
| City | State | ZIP Code |

Country

**2.10  State what the contract or lease is for and the nature of the debtor's interest**

License Agreement

INTERNATIONAL DESIGN GROUP, Inc.
Name

HAROLD MASTER
Notice Name

2050 N. STEMMONS FREEWAY SUITE #7016
Address

**State the term remaining**   46 months (6/30/25)

**List the contract number of any government contract**

| DALLAS | TX | 75207 |
|---|---|---|
| City | State | ZIP Code |

Country

**2.11  State what the contract or lease is for and the nature of the debtor's interest**

Agreement - Joe's Jeans

Simon Management Associates
Name

Notice Name

401 NE Northgate Way
Address

**State the term remaining**   Upon Termination

Suite 210

**List the contract number of any government contract**

| Seattle | WA | 98125 |
|---|---|---|
| City | State | ZIP Code |

Country

**Fill in this information to identify the case:**

Debtor Name: In re : Joe's Holdings, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 21-11205 (JTD)

☐ Check if this is an amended filing

Official Form 206H

## Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**

   ☐  No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☑  Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors,** *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1 American Sporting Goods Corp. | 1407 Broadway<br><br>Street<br>38th FL | Bank of America, N.A., as Agent | ☑ D<br><br>☐ E/F<br><br>☐ G |
| | New York          NY          10018<br>City                    State            ZIP Code | | |
| | Country | | |
| 2.2 American Sporting Goods Corp. | 1407 Broadway<br><br>Street<br>38th FL | Wilmington Bank N.A., as Trustee | ☑ D<br><br>☐ E/F<br><br>☐ G |
| | New York          NY          10018<br>City                    State            ZIP Code | | |
| | Country | | |

Debtor: Joe's Holdings, LLC
Name

Case number *(if known):*     21-11205

| | | | |
|---|---|---|---|
| 2.3 Brand Matter, LLC | 1407 Broadway | Bank of America, N.A., as Agent | ☑ D |
| | Street | | |
| | 38th FL | | ☐ E/F |
| | | | ☐ G |
| | New York | NY | 10018 |
| | City | State | ZIP Code |
| | Country | | |

| | | | |
|---|---|---|---|
| 2.4 Brand Matter, LLC | 1407 Broadway | Wilmington Bank N.A., as Trustee | ☑ D |
| | Street | | |
| | 38th FL | | ☐ E/F |
| | | | ☐ G |
| | New York | NY | 10018 |
| | City | State | ZIP Code |
| | Country | | |

| | | | |
|---|---|---|---|
| 2.5 Gaiam Americas, Inc. | 1407 Broadway | Bank of America, N.A., as Agent | ☑ D |
| | Street | | |
| | 38th FL | | ☐ E/F |
| | | | ☐ G |
| | New York | NY | 10018 |
| | City | State | ZIP Code |
| | Country | | |

| | | | |
|---|---|---|---|
| 2.6 Gaiam Americas, Inc. | 1407 Broadway | Wilmington Bank N.A., as Trustee | ☑ D |
| | Street | | |
| | 38th FL | | ☐ E/F |
| | | | ☐ G |
| | New York | NY | 10018 |
| | City | State | ZIP Code |
| | Country | | |

| | | | |
|---|---|---|---|
| 2.7 Gaiam Brand Holdco, LLC | 1407 Broadway | Bank of America, N.A., as Agent | ☑ D |
| | Street | | |
| | 38th FL | | ☐ E/F |
| | | | ☐ G |
| | New York | NY | 10018 |
| | City | State | ZIP Code |
| | Country | | |

Debtor:    Joe's Holdings, LLC

Case number *(if known):*    21-11205

Name

| | | | |
|---|---|---|---|
| 2.8   Gaiam Brand Holdco, LLC | 1407 Broadway | Wilmington Bank N.A., as Trustee | ☑ D |
| | Street | | ☐ E/F |
| | 38th FL | | |
| | | | ☐ G |
| | New York        NY        10018 | | |
| | City        State        ZIP Code | | |
| | Country | | |
| 2.9   Galaxy Brands, LLC | 1407 Broadway | Bank of America, N.A., as Agent | ☑ D |
| | Street | | ☐ E/F |
| | 38th FL | | |
| | | | ☐ G |
| | New York        NY        10018 | | |
| | City        State        ZIP Code | | |
| | Country | | |
| 2.10   Galaxy Brands, LLC | 1407 Broadway | Wilmington Bank N.A., as Trustee | ☑ D |
| | Street | | ☐ E/F |
| | 38th FL | | |
| | | | ☐ G |
| | New York        NY        10018 | | |
| | City        State        ZIP Code | | |
| | Country | | |
| 2.11   Heeling Sports Limited | 1407 Broadway | Bank of America, N.A., as Agent | ☑ D |
| | Street | | ☐ E/F |
| | 38th FL | | |
| | | | ☐ G |
| | New York        NY        10018 | | |
| | City        State        ZIP Code | | |
| | Country | | |
| 2.12   Heeling Sports Limited | 1407 Broadway | Wilmington Bank N.A., as Trustee | ☑ D |
| | Street | | ☐ E/F |
| | 38th FL | | |
| | | | ☐ G |
| | New York        NY        10018 | | |
| | City        State        ZIP Code | | |
| | Country | | |

Debtor:  Joe's Holdings, LLC

Name

Case number *(if known)*:    21-11205

| 2.13 | LNT Brands, LLC | 1407 Broadway | | | Bank of America, N.A., as Agent | ☑ D |
|---|---|---|---|---|---|---|
| | | Street | | | | ☐ E/F |
| | | 38th FL | | | | |
| | | | | | | ☐ G |
| | | New York | NY | 10018 | | |
| | | City | State | ZIP Code | | |
| | | Country | | | | |

| 2.14 | LNT Brands, LLC | 1407 Broadway | | | Wilmington Bank N.A., as Trustee | ☑ D |
|---|---|---|---|---|---|---|
| | | Street | | | | ☐ E/F |
| | | 38th FL | | | | |
| | | | | | | ☐ G |
| | | New York | NY | 10018 | | |
| | | City | State | ZIP Code | | |
| | | Country | | | | |

| 2.15 | SBG FM, LLC | 1407 Broadway | | | Bank of America, N.A., as Agent | ☑ D |
|---|---|---|---|---|---|---|
| | | Street | | | | ☐ E/F |
| | | 38th FL | | | | |
| | | | | | | ☐ G |
| | | New York | NY | 10018 | | |
| | | City | State | ZIP Code | | |
| | | Country | | | | |

| 2.16 | SBG FM, LLC | 1407 Broadway | | | Wilmington Bank N.A., as Trustee | ☑ D |
|---|---|---|---|---|---|---|
| | | Street | | | | ☐ E/F |
| | | 38th FL | | | | |
| | | | | | | ☐ G |
| | | New York | NY | 10018 | | |
| | | City | State | ZIP Code | | |
| | | Country | | | | |

| 2.17 | SBG Universe Brands, LLC | 1407 Broadway | | | Bank of America, N.A., as Agent | ☑ D |
|---|---|---|---|---|---|---|
| | | Street | | | | ☐ E/F |
| | | 38th FL | | | | |
| | | | | | | ☐ G |
| | | New York | NY | 10018 | | |
| | | City | State | ZIP Code | | |
| | | Country | | | | |

Debtor:  Joe's Holdings, LLC

Case number *(if known):*    21-11205

Name

| 2.18 | SBG Universe Brands, LLC | 1407 Broadway | | | Wilmington Bank N.A., as Trustee | ☒ D |
|---|---|---|---|---|---|---|
| | | Street | | | | ☐ E/F |
| | | 38th FL | | | | ☐ G |
| | | New York | NY | 10018 | | |
| | | City | State | ZIP Code | | |
| | | Country | | | | |

| 2.19 | SBG-Gaiam Holdings, LLC | 1407 Broadway | | | Bank of America, N.A., as Agent | ☒ D |
|---|---|---|---|---|---|---|
| | | Street | | | | ☐ E/F |
| | | 38th FL | | | | ☐ G |
| | | New York | NY | 10018 | | |
| | | City | State | ZIP Code | | |
| | | Country | | | | |

| 2.20 | SBG-Gaiam Holdings, LLC | 1407 Broadway | | | Wilmington Bank N.A., as Trustee | ☒ D |
|---|---|---|---|---|---|---|
| | | Street | | | | ☐ E/F |
| | | 38th FL | | | | ☐ G |
| | | New York | NY | 10018 | | |
| | | City | State | ZIP Code | | |
| | | Country | | | | |

| 2.21 | Sequential Brands Group, Inc. | 1407 Broadway | | | Bank of America, N.A., as Agent | ☒ D |
|---|---|---|---|---|---|---|
| | | Street | | | | ☐ E/F |
| | | 38th FL | | | | ☐ G |
| | | New York | NY | 10018 | | |
| | | City | State | ZIP Code | | |
| | | Country | | | | |

| 2.22 | Sequential Brands Group, Inc. | 1407 Broadway | | | Wilmington Bank N.A., as Trustee | ☒ D |
|---|---|---|---|---|---|---|
| | | Street | | | | ☐ E/F |
| | | 38th FL | | | | ☐ G |
| | | New York | NY | 10018 | | |
| | | City | State | ZIP Code | | |
| | | Country | | | | |

Debtor: Joe's Holdings, LLC

Name

Case number *(if known):*   21-11205

| 2.23 | Sequential Licensing, Inc. | 1407 Broadway | | | Bank of America, N.A., as Agent | ☑ D |
|---|---|---|---|---|---|---|
| | | Street | | | | |
| | | 38th FL | | | | ☐ E/F |
| | | | | | | ☐ G |
| | | New York | NY | 10018 | | |
| | | City | State | ZIP Code | | |
| | | Country | | | | |

| 2.24 | Sequential Licensing, Inc. | 1407 Broadway | | | Wilmington Bank N.A., as Trustee | ☑ D |
|---|---|---|---|---|---|---|
| | | Street | | | | |
| | | 38th FL | | | | ☐ E/F |
| | | | | | | ☐ G |
| | | New York | NY | 10018 | | |
| | | City | State | ZIP Code | | |
| | | Country | | | | |

| 2.25 | SQBG, Inc. | 1407 Broadway | | | Bank of America, N.A., as Agent | ☑ D |
|---|---|---|---|---|---|---|
| | | Street | | | | |
| | | 38th FL | | | | ☐ E/F |
| | | | | | | ☐ G |
| | | New York | NY | 10018 | | |
| | | City | State | ZIP Code | | |
| | | Country | | | | |

| 2.26 | SQBG, Inc. | 1407 Broadway | | | Wilmington Bank N.A., as Trustee | ☑ D |
|---|---|---|---|---|---|---|
| | | Street | | | | |
| | | 38th FL | | | | ☐ E/F |
| | | | | | | ☐ G |
| | | New York | NY | 10018 | | |
| | | City | State | ZIP Code | | |
| | | Country | | | | |

| 2.27 | The Basketball Marketing Company, Inc. | 1407 Broadway | | | Bank of America, N.A., as Agent | ☑ D |
|---|---|---|---|---|---|---|
| | | Street | | | | |
| | | 38th FL | | | | ☐ E/F |
| | | | | | | ☐ G |
| | | New York | NY | 10018 | | |
| | | City | State | ZIP Code | | |
| | | Country | | | | |

Debtor:  Joe's Holdings, LLC
_____
Name

Case number *(if known)*:  21-11205

| 2.28 | The Basketball Marketing Company, Inc. | 1407 Broadway | | Wilmington Bank N.A., as Trustee | ☒ D |
| | | Street | | | |
| | | 38th FL | | | ☐ E/F |
| | | | | | ☐ G |
| | | New York | NY | 10018 | |
| | | City | State | ZIP Code | |
| | | Country | | | |
| 2.29 | William Rast Licensing, LLC | 1407 Broadway | | Bank of America, N.A., as Agent | ☒ D |
| | | Street | | | |
| | | 38th FL | | | ☐ E/F |
| | | | | | ☐ G |
| | | New York | NY | 10018 | |
| | | City | State | ZIP Code | |
| | | Country | | | |
| 2.30 | William Rast Licensing, LLC | 1407 Broadway | | Wilmington Bank N.A., as Trustee | ☒ D |
| | | Street | | | |
| | | 38th FL | | | ☐ E/F |
| | | | | | ☐ G |
| | | New York | NY | 10018 | |
| | | City | State | ZIP Code | |
| | | Country | | | |

**Schedule H: Codebtors**

| Fill in this information to identify the case: |
|---|
| Debtor Name: In re : Joe's Holdings, LLC |
| United States Bankruptcy Court for the:  District of Delaware |
| Case number (if known): 21-11205 (JTD) |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

- ☑ *Schedule H: Codebtors* (Official Form 206H)

- ☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

- ☐ Amended *Schedule* _____

- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  10/18/2021 _____          ✖ / s / Lorraine DiSanto _____
MM / DD / YYYY                                    Signature of individual signing on behalf of debtor

                                                 Lorraine DiSanto _____
                                                 Printed name
                                                 CFO _____
                                                 Position or relationship to debtor

**In re: Joe's Holdings, LLC**
**Case No. 21-11205**
Schedule A/B 73
Interests in insurance policies or annuities

| Company | Account number / Policy number | Current value of debtor's interest |
|---|---|---|
| ACE American | G256811181006 | Unknown |
| ACE American Insurance Company | G25577954004 | Unknown |
| AmTrust Financial Group | AES1056479 00 | Unknown |
| Aon Risk Services Northeast, Inc. | HN-0303-4341 | Unknown |
| Argonaut Insurance Company | MLX42088801 | Unknown |
| Argonaut Insurance Company | MLX42623310-1 | Unknown |
| Axis Excess Insurance Policy | P-001-000512880-01 | Unknown |
| Beazley Ins. Co. | V1ACB6190401 | Unknown |
| Chubb Primary | 570000061102 | Unknown |
| Chubb Primary - D&O | 570000061102 | Unknown |
| Continental Casualty Company | 652092599 | Unknown |
| Federal Insurance Company | 9906-53-63 | Unknown |
| Great American | 9906-53-63 | Unknown |
| Great American Insurance Company | KR E3483150100 | Unknown |
| Hartford Casualty Insurance Company | 12XHUBJ9480 DB | Unknown |
| Hartford Fire Insurance Company | 12HIPBI6966 | Unknown |
| Hartford Fire Insurance Company/ Hartford Accident & Indemnity Company | 12UUNBJ8683 | Unknown |
| Markel Insurance Company | MKLC1MXM000128 | Unknown |
| National Union Fire Insurance Company of Pittsburg, PA | 01-331-99-14 | Unknown |
| State National Ins Company | EXNCUAI026200 | Unknown |
| The Travelers Indemnity Company | ZUP-71M46201-20-NF | Unknown |
| Travelers Casualty and Surety Company of America | 106681975 | Unknown |
| Wesco Insurance Company | EUW188024400 | Unknown |
| XL Specialty Insurance | ELU16061619 | Unknown |
| | **TOTAL:** | **Unknown** |