# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| SEQUENTIAL BRANDS GROUP, INC., *et al*[1] | ) |
|  | ) Case No. 21-11194 (JTD) |
| Debtors. | ) |
|  | ) (Jointly Administered) |

## STATEMENT OF FINANCIAL AFFAIRS FOR
## JOE'S HOLDINGS, LLC, (CASE NO. 21-11205)

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Sequential Brands Group, Inc. (2789), SQBG, Inc. (9546), Sequential Licensing, Inc. (7108), William Rast Licensing, LLC (4304), Heeling Sports Limited (0479), Brand Matter, LLC (1258), SBG FM, LLC (8013), Galaxy Brands LLC (9583), The Basketball Marketing Company, Inc. (7003), American Sporting Goods Corporation (1696), LNT Brands LLC (3923), Joe's Holdings LLC (3085), Gaiam Brand Holdco, LLC (1581), Gaiam Americas, Inc. (8894), SBG-Gaiam Holdings, LLC (8923), SBG Universe Brands, LLC (4322), and GBT Promotions LLC (7003). The Debtors' corporate headquarters and the mailing address for each Debtor is 1407 Broadway, 38th Floor, New York, NY 10018.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---

| | |
|---|---|
| In re: | Chapter 11 |
| Sequential Brands Group, Inc., et al.,[1] | Case No. 21-11194 (JTD) |
| Debtors. | (Jointly Administered) |

---

## GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Sequential Brands Group, Inc. ("Sequential") and certain of its affiliates, the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), are filing their respective Schedules of Assets and Liabilities (each, a "Schedule" and, collectively, the "Schedules") and Statements of Financial Affairs (each, a "Statement" and, collectively, the "Statements") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Lorraine DiSanto has signed each set of the Schedules and Statements. Ms. DiSanto serves as the Chief Financial Officer of Sequential Brands Group, Inc. and has been authorized to execute the Schedules and Statements on behalf of the Debtors. In reviewing and signing the Schedules and Statements, Ms. DiSanto necessarily has relied upon the efforts, statements, and

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Sequential Brands Group, Inc. (2789), SQBG, Inc. (9546), Sequential Licensing, Inc. (7108), William Rast Licensing, LLC (4304), Heeling Sports Limited (0479), Brand Matter, LLC (1258), SBG FM, LLC (8013), Galaxy Brands LLC (9583), The Basketball Marketing Company, Inc. (7003), American Sporting Goods Corporation (1696), LNT Brands LLC (3923), Joe's Holdings LLC (3085), Gaiam Brand Holdco, LLC (1581), Gaiam Americas, Inc. (8894), SBG-Gaiam Holdings, LLC (8923), SBG Universe Brands, LLC (4322), and GBT Promotions LLC (7003). The Debtors' corporate headquarters and the mailing address for each Debtor is 1407 Broadway, 38th Floor, New York, NY 10018.

representations of the Debtors' legal and financial advisors and various personnel employed by the Debtors who report to, or work with, Ms. DiSanto, either directly or indirectly. Ms. DiSanto has not, and could not have, personally verified the accuracy of each such statement and representation, including the statements and representations concerning amounts owed to creditors.

These Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules and Statements (collectively, the "Global Notes") pertain to, and are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their directors, officers, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of, or caused in whole or in part by, the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements.

For the avoidance of doubt, the Debtors, their agents, attorneys, and financial advisors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert

offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, classification, or identity of Debtor, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Further, nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers.

## General Comments and Overview of Methodology

**The Schedules, Statements, and Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors.**

1.      Description of the Cases. On August 31, 2021 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On September 1, 2021, the Bankruptcy Court entered an order, along with other orders (collectively, the "First Day Motions"), authorizing the joint administration of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 64]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.

2.      Basis of Presentation. For financial reporting purposes, the Debtors historically prepared consolidated financial statements. The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on an unconsolidated basis. These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to reconcile to the financial statements previously distributed to lenders, major creditors, or various equity holders on an intermittent basis. The Debtors used reasonable efforts to attribute the assets and liabilities to each particular Debtor entity. However, because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes rather than for reporting by legal entity, it is possible that not all assets and liabilities have been recorded with the correct legal entity on the Schedules and Statements. Moreover, the Debtor has never considered their accounting and operating practices to assume separate legal entities; therefore, it is possible intercompany balances between legal entities may vary materially. Accordingly, the Debtors reserve all rights to supplement and amend the Schedules and Statements in this regard, including with respect to reallocation of assets or liabilities to any particular entity.

3.      Reporting Date. Unless otherwise noted on the specific responses, the Schedules and Statements generally reflect the Debtors' books and records as of the close of business on August 31, 2021. The liability values are as of the Petition Date, and may have been adjusted for authorized payments made under the First Day Orders (as defined below). As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between the pre- and post-petition periods and amend the Schedules and Statements accordingly.

4.      Current Values. The assets and liabilities of each Debtor are listed on the basis of the net book value of the asset or liability in the respective Debtor's accounting books and records. Therefore, unless otherwise noted, the Schedules and Statements are not based upon any estimate of the current market values of the Debtors' assets and liabilities,

which may not correspond to book values.  It would be cost prohibitive and unduly burdensome to obtain current market valuations of the Debtors' property interests.

5.    <u>Consolidated Entity Accounts Payable and Disbursement Systems</u>. As described in the *Motion of Debtors for Interim and Final Orders (A) Authorizing Continued Use of Existing Cash Management System, Including Maintenance of Existing Bank Accounts, Checks and Business Forms; (B) Authorizing Continuation of Existing Deposit Practices; (C) Waiving Certain U.S. Trustee Guidelines; (D) Authorizing Continuation of Intercompany Transactions; (E) Granting Priority Status to Postpetition Intercompany Claims; (F) Authorizing the Debtors to Open and Close Bank Accounts; and (G) Granting Related Relief* [Docket No. 8] (the "<u>Cash Management Motion</u>"), the Debtors utilize an integrated, centralized cash management system, in the ordinary course of business, to collect, concentrate, and disburse funds generated by their operations (the "<u>Cash Management System</u>"). The Debtors maintain a consolidated disbursements system to pay the majority of operating and administrative expenses through centralized disbursement accounts.

6.    <u>Accuracy</u>. The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized. In no event shall the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

7.    <u>Net Book Value of Assets</u>. In many instances, current market valuations are not maintained by or readily available to the Debtors. As such, wherever possible and/or as noted, net book values as of the Petition Date are presented. When necessary, the Debtors have indicated that the value of certain assets is "unknown" or "undetermined." Amounts ultimately realized may vary materially from net book value (or other value so ascribed). Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements. As applicable, fixed assets and leasehold improvement assets that have been fully depreciated or amortized, or were expensed for GAAP accounting purposes, have no net book value, and, therefore, are not included in the Schedules and Statements. The Debtors took reasonable actions to note any particular assets with no net book value with any potential market value.

8.  Undetermined Amounts. Claim amounts that could not readily be quantified by the
    Debtors are scheduled as "unliquidated," "undetermined," "unknown," or "N/A." The
    description of an amount as "unliquidated," "undetermined," "unknown," or "N/A" is not
    intended to reflect upon the materiality of the amount.

9.  Excluded Assets and Liabilities. The Debtors believe that they have identified, but did
    not necessarily value, all material categories of assets and liabilities in the Schedules. The
    Debtors have excluded the following items from the Schedules and Statements: non-cash
    accounts related to accounting adjustments to conform with GAAP, deferred financing
    costs, deferred license revenue and unearned revenue, and Accounts Payable and
    Accruals that were paid postpetition. Other immaterial assets and liabilities also may
    have been excluded.

10. Causes of Action. The Debtors have made their best efforts to set forth known causes of
    action against third parties as assets in the Schedules and Statements. The Debtors
    reserve all of their rights with respect to causes of action they may have, whether
    disclosed or not disclosed, and neither these Global Notes nor the Schedules and
    Statements shall be deemed a waiver of any such causes of action.

11. Litigation. Certain litigation actions (collectively, the "Litigation Actions") reflected as
    claims against a particular Debtor may relate to any of the other Debtors. The Debtors
    made reasonable efforts to accurately record the Litigation Actions in the Schedules and
    Statements of the Debtor(s) that is the party to the Litigation Action. The inclusion of
    any Litigation Action in the Schedules and Statements does not constitute an admission
    by the Debtors of liability, the validity of any Litigation Action or the amount of any
    potential claim that may result from any claims with respect to any Litigation Action, or
    the amount and treatment of any potential claim resulting from any Litigation Action
    currently pending or that may arise in the future.

12. Totals. All totals that are included in the Schedules and Statements represent totals of all
    the known amounts included in the Schedules and Statements plus the "unknown" or
    "undetermined" amounts, as indicated on the total summaries.

13. Currency. All amounts shown in the Schedules and Statements are in U.S. Dollars, unless
    otherwise indicated.

14. Payment of Prepetition Claims Pursuant to First Day Orders. Pursuant to the First Day
    Motions, the Debtors sought authority to pay certain outstanding prepetition payables
    pursuant to a Bankruptcy Court order. The Bankruptcy Court entered various orders
    authorizing the Debtors to pay certain of the outstanding prepetition payables they sought
    to pay under the First Day Motions (collectively, the "First Day Orders"), including
    paying certain prepetition funded debt amounts pursuant to the *Interim Order
    (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the
    Debtors to Use Cash Collateral, (III) Granting Liens and Providing Super-Priority
    Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the
    Automatic Stay, and (VI) Granting Related Relief* [Docket No. 70] (the "Interim DIP

<u>Order</u>") and the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Super-Priority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [Docket No. 110] (the "<u>Final DIP Order</u>"). As such, outstanding liabilities may have been reduced or will be reduced by any court-approved postpetition payments made on prepetition payables. Where and to the extent these liabilities have been satisfied, they may not be listed in the Schedules and Statements. To the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities, to the extent that any such action is necessary.  For the avoidance of doubt, the Debtors are not required to, and may not, amend the Schedules and Statements to reflect the postpetition payment of prepetition obligations under the First Day Orders. Nothing contained herein should be deemed to alter the rights of any party-in-interest to contest a payment made pursuant to an order of the Bankruptcy Court where such order preserves the right to contest.

15.    <u>Other Paid Claims</u>. To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Debtors' Schedules and Statements, and shall be enforceable by all parties, subject to Bankruptcy Court approval.

16.    <u>Property, Plant, and Equipment</u>. Owned property and equipment are recorded at cost and are shown net of depreciation.  Depreciation is recorded using the straight-line method.

17.    <u>Debtors' Reservation of Rights</u>. Nothing contained in the Schedules, Statements, or Global Notes shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, the following:

a.      Any failure to designate a claim listed on the Debtors' Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on the Schedules as to amount, liability, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

b.      Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

c.      The listing of a claim (i) on Schedule D as "secured," (ii) on Schedule E/F
        (Part 1) as "priority," (iii) on Schedule E/F (Part 2) as "unsecured," or (iv) listing
        a contract or lease on Schedule G as "executory" or "unexpired" does not
        constitute an admission by the Debtors of the legal rights of the claimant, or a
        waiver of the Debtors' rights to recharacterize or reclassify such claim or contract
        pursuant to a schedule amendment, claim objection, or otherwise. Moreover,
        although the Debtors may have scheduled claims of various creditors as secured
        claims for informational purposes, no current valuation of the Debtors' assets in
        which such creditors may have a security interest has been undertaken. Except as
        provided in an order of the Bankruptcy Court, the Debtors reserve all rights to
        dispute and challenge the secured nature or amount of any such creditor's claims
        or the characterization of the structure of any transaction, or any document or
        instrument related to such creditor's claim.

d.      The Debtors' individual brand businesses are part of an overall enterprise.
        Although the Debtors have exercised their reasonable efforts to ensure the
        accuracy of their Schedules and Statements, they nevertheless may contain errors
        and omissions. The Debtors hereby reserve all of their rights to dispute the
        validity, status, and enforceability of any contracts, agreements, and leases
        identified in the Debtors' Schedules and Statements, and to amend and
        supplement the Schedules and Statements as necessary.

e.      The Debtors further reserve all of their rights, claims, and causes of action
        with respect to the contracts and agreements listed on the Schedules and
        Statements, including, but not limited to, the right to dispute and challenge the
        characterization or the structure of any transaction, document, and instrument
        related to a creditor's claim.  Nothing contained in the Schedules and Statements
        or the Global Notes is intended to be or should be construed as an admission or
        stipulation of the validity of any claim against the Debtors or any assertion made
        or a waiver of the Debtors' rights to dispute any such claim or assert any cause of
        action or defense against any party.

f.      The Debtors exercised their reasonable efforts to locate and identify guarantees
        and other secondary liability claims (the "Guarantees") in their executory
        contracts, unexpired leases, secured financings, debt instruments, and other
        agreements. Where such Guarantees have been identified, they are included in the
        relevant Schedules and Statements. Guarantees embedded in the Debtors'
        executory contracts, unexpired leases, secured financings, debt instruments, and
        other agreements may have been omitted inadvertently. Thus, the Debtors reserve
        their rights to amend and supplement the Schedules and Statements to the extent
        that additional Guarantees are identified. In addition, the Debtors reserve the right
        to amend the Schedules and Statements to re-characterize and reclassify any such
        contract or claim.

g.   Listing a contract or lease on the Debtors' Schedules and Statements shall not be deemed an admission that such contract is an executory contract, such lease is an unexpired lease, or that either necessarily is a binding, valid, and enforceable contract. The Debtors hereby expressly reserve the right to assert that any contract listed on the Debtors' Schedules and Statements does not constitute an executory contract within the meaning of Bankruptcy Code section 365, and the right to assert that any lease so listed does not constitute an unexpired lease within the meaning of Bankruptcy Code section 365.

h.   Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

i.   In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Such individuals may no longer serve in such capacities. In the interest of additional disclosure, the Debtors have also included certain individuals who may have officer titles in their responses to Statements.

j.   The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for: (1) the purposes of determining (a) control of the Debtors; (b) the extent to which any individual exercised management responsibilities or functions; (c) corporate decision-making authority over the Debtors; or (d) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (2) any other purpose.

18.   Global Notes Control. In the event that the Schedules or Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

<u>**Global Notes with Respect to the Debtors' Schedules**</u>

1.     **Schedule A/B – Assets – Real and Personal Property**

    a.     <u>Item 3 – Checking, Savings, Money Market, or Financial Brokerage Accounts</u>. Schedule A/B Item 3 lists all bank account balances in U.S. Dollars. The entries should be viewed on a net basis at the consolidated level for all Debtors though they are reported at the entity level for reporting purposes in this Schedule.

    b.     <u>Item 11 – Accounts Receivable</u>. Item 11 identifies the face amount of the accounts receivable balances as of the Petition Date due from licensees to the Debtor.

    c.     <u>Item 15 – Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses</u>. Debtors' equity interest in the other Debtors or non-Debtor entities arises from either a majority or minority ownership of that entity. For purposes of these Schedules, where a Debtor has interests in another Debtor or non-Debtor entity, the Debtor lists either the net book value or an unknown value.

    d.     <u>Items 54 and 55 – Building or Property which the Debtors Owns or Has an Interest</u>. The Debtors' lease property at 1407 Broadway, 38th Floor, New York, NY 10018 (the "<u>1407 Broadway Office</u>"). The Debtors' will periodically perform leasehold improvements for the 1407 Broadway Office, which has been listed on the Schedule at the net book value. The leased property has not been appraised by a professional.

    e.     <u>Items 60 – 62 – Intangibles and Intellectual Property</u>. Certain of the Debtors' intellectual property is listed at the net book value, which may not accurately reflect their value in the marketplace at the time of the Auction (as defined in the Debtors' Bidding Procedures).

         As of the Petition Date, the Debtors' intellectual property licenses were generating account receivables.

         The Debtors' own the rights to multiple domain names, but the value of each is currently unknown.

    f.     <u>Item 69 – Appraisal of Intellectual Property</u>. The Debtors' intellectual property has been appraised by a professional within the last year. The Company had commissioned Houlihan Lokey to appraise certain of the Debtors' intellectual property for the ultimate purpose of marketing the intellectual property assets for sale. Bank of America also retained an appraiser to perform an appraisal of the intellectual property, however, this appraisal was done to assess Bank of America's collateral and loan to value ratio under one of the Debtors' prepetition funded debt facilities, and does not necessarily reflect the market value of the Debtors' assets.

g.    <u>Item 73 – Interests in Insurance Policies and Annuities</u>.  All insurance policies that were outstanding as of the Petition Date have been listed. Any value for the prepaid premiums has been previously reported in Schedule A/B 8.

h.    <u>Items 74 and 75 – Causes of Action Against Third Parties and Other Contingent and Unliquidated Claims or Causes of Action</u>.  Despite exercising their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties and any other claims as assets in their Schedules. The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

i.    <u>Item 77 – Property of Any Kind Not Already Listed</u>.  The Debtors typically report financials on a consolidated basis and operate as a single entity. Intercompany transactions are recorded in each instance where assets are moved from one entity to the other, and a corresponding intercompany payable credit is entered. The Debtors' do not report intercompany balances on the consolidated level as the transactions create net balances. Intercompany payables have been disclosed in Schedule E/F.

In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, cross-claims, credits, rebates, or refunds with their customers and suppliers or potential warranty claims against their suppliers. The Debtors reserve all of their rights with respect to any claims and causes of action they may have. Neither these Global Notes nor the Schedules shall be deemed a waiver of any such claims or causes of action or to prejudice or impair the assertion thereof in any way. All known ongoing litigation claims against the Debtors are listed on Schedule E/F.

2.    <u>Schedule D – Creditors Who Have Claims Secured by Property</u>.  The secured claims listed on Schedule D are attributable to secured creditors that have been disclosed. Sequential Brands Group, Inc. is the primary borrower on all documentation, and the other Debtors (excluding GBT Promotions LLC) are guarantors of the secured debt.  As of the Petition Date, the total value of all secured claims was approximately $426.41 million across all Debtors as outlined in the filed *Declaration of Lorraine DiSanto in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 3].

Except as otherwise ordered by the Bankruptcy Court, including as provided in the Interim DIP Order and the Final DIP Order, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the

secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

3.    <u>Schedule E/F, Part 2 – Creditors Who Hold Unsecured Claims</u>.  Certain creditors listed on Schedule E/F may owe amounts to the Debtors, and, as such, the Debtors may have valid setoff and recoupment rights with respect to such amounts. The amounts listed on Schedule E/F, may not reflect any such right of setoff or recoupment, and the Debtors reserve all rights to assert the same and to dispute and challenge any setoff and/or recoupment rights that may be asserted against the Debtors by a creditor. Additionally, certain creditors may assert mechanic's, materialman's, or other similar liens against the Debtors for amounts listed on Schedule E/F. The Debtors reserve their rights to dispute and challenge the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F of any Debtor.

The Debtors have made reasonable efforts to include all unsecured creditors on Schedule E/F, including, but not limited to, ordinary course professionals and other service providers. Certain intercompany liabilities are included on Schedule E/F that have arisen in the normal course of assets being moved amongst Debtor entities where corresponding intercompany receivable and liability entries were entered.

Notwithstanding the foregoing, the Debtors believe that there are instances where creditors have yet to provide proper invoices for prepetition goods or services. Moreover, Schedule E/F does include some accrued and AP aging for two creditors. The remaining accrued and AP aging were either paid by Galaxy, through the First Day Orders, or through the Company credit card so they are not included on Schedule E/F, Part 2. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals primarily represent general estimates of liabilities and do not represent specific claims as of the Petition Date. The Debtors have made reasonable efforts to include as contingent, unliquidated, and/or disputed the claim of any party not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

Schedule E/F also contains information regarding pending litigation involving the Debtors. To the extent that litigation involving a particular Debtor has been identified, such information is included on that Debtor's Schedule E/F. The amounts for these potential claims are listed as unknown and marked as contingent, unliquidated and/or disputed in the Schedules as applicable.

The Debtors may pay additional claims listed on Schedule E/F. during these chapter 11 cases pursuant to orders of the Bankruptcy Court and the Debtors reserve all of their rights

to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claim. Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that have been, or may be, rejected.

4.    <u>Schedule G – Executory Contracts and Unexpired Leases</u>. Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "<u>Agreements</u>"), review is ongoing and inadvertent errors, omissions or overinclusion may have occurred. The Debtors may have entered into various other types of Agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, and amendments/letter agreements that may not be set forth in Schedule G.  In addition, certain non-disclosure and/or confidentiality agreements, including those entered into in connection with the Debtors' prepetition marketing and postpetition bidding and sale process, may have been omitted.

Omission of an agreement from Schedule G does not constitute an admission that such omitted agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted Agreements. Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable. The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed on Schedule G. Executory agreements that are oral in nature have not been included in Schedule G. Any and all of the Debtors' rights, claims, and causes of action with respect to the Agreements listed on Schedule G are hereby reserved and preserved, and as such, the Debtors hereby reserve all of their rights to (i) dispute the validity, status, or enforceability of any Agreements set forth on Schedule G, (ii) dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim, including, but not limited to, the Agreements listed on Schedule G, and (iii) to amend or supplement such Schedule as necessary. Certain of the Agreements listed on Schedule G may have been entered into on behalf of more than one of the Debtors.  Additionally, the specific Debtor obligor(s) to certain of the Agreements may not have been specifically ascertained in every circumstance.  The Debtors have made all reasonable efforts to identify the correct Debtor's Schedule G on which to list the Agreement. Finally, for certain of the Agreements included on Schedule G, there was no stated term.  Such Agreements are marked in Schedule G as being in effect until termination.

Further, the Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified.

5.    <u>Schedule H – Co-debtors</u>. On Schedule H, the Debtors included debts for which more than one Debtor may be liable even where such debts were reflected on Schedules E/F or G for

the respective Debtors.  To the extent these Global Notes include notes specific to Schedules D-G, such notes apply to the co-debtors listed in Schedule H.

## Global Notes with Respect to the Debtors' Statements

1.    <u>Statement 1-2</u>. Financial statements for operating and non-operating gross revenue are made as of the Debtors' fiscal year. The Debtors' fiscal year end is defined as December 31st of each year.

2.    <u>Statement 3</u>. The Debtors typically operate as a consolidated entity for the purposes of operating the business in the ordinary course. All obligations of the Debtors have been allocated to specific Debtor entities to the best of the Debtors' knowledge.

3.    <u>Statement 4</u>. The Debtors reserve all rights with respect to the determination or status of a person as an "insider" as defined in Bankruptcy Code section 101(13). For more information regarding each Debtor's officers and directors, see Statement 28 and Statement 29.

4.    <u>Statement 7</u>. Actions described in response to Statement 7 include, but are not limited to, litigation proceedings, foreclosure actions, regulatory inquiries, unclaimed property examinations, breach of contract, and patent disputes.

The Debtors reserve all of their rights and defenses with respect to any and all listed lawsuits and administrative proceedings. The listing of such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors or any affiliates of the Debtors. The Debtors also reserve their rights to assert that neither the Debtors nor any affiliate of the Debtors is an appropriate party to such actions or proceedings.  Further, the Debtors operate in numerous jurisdictions and in the ordinary course of business may have disputed property valuations/tax assessments. The Debtors have not listed such disputes on Statement 7.

On July 1, 2021, two shareholder derivative suits against the Debtors – *Delmonico v. Shmidman et al.* (No. 21-00060) and *D'Arcy v. Shmidman, et al.* (No. 21-00862) – were consolidated into *In re Sequential Brands Group, Inc. Derivative Litigation*, C.A. No. 21-c-60-CFC.

In regards to *In re Payless Holdings, LLC, et al.* and *Payless Holdings LLC, et al. v. Martha Stewart Living Omnimedia, Inc.*, Sequential Brands Group, Inc. no longer owns Martha Stewart Living Omnimedia, Inc. ("<u>MSLO</u>"), but has agreed to indemnify MSLO.

5.    <u>Statement 9</u>. Because the Debtors use a centralized cash management system whereby certain disbursements are made by Sequential Licensing, Inc., payments related to charitable contributions are reflected on the Statements of Sequential Licensing, Inc. only, but were made on behalf of Sequential Brands Group, Inc.  Payments made to those organizations listed in Statement 9 have been disclosed to the best of the Debtors' knowledge.

6.      <u>Statement 11</u>. Because the Debtors use a centralized cash management system whereby certain disbursements are made by Sequential Licensing, Inc., payments related to bankruptcy are reflected on the Statements of Sequential Licensing, Inc. only, but were made on behalf of all of the Debtors.

The Debtors have used reasonable efforts to identify payments for services of any entities who provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date, which are identified in the Debtors' response to Statement 11. Additional information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications for those firms and related orders.

7.      <u>Statement 25</u>. The Debtors have made their best effort within reasonable means to identify all business entities that have been in operation over the last six years that the Debtors have controlled. The Debtors' have operated under multiple business entity names and trademarks over the previous six years. Due to a limited number of employees employed throughout the duration of the time period in question and limited legal documentation for the entities, the Debtors' have provided the information to the best of their knowledge for each entity's nature of business and dates of existence.

8.      <u>Statement 26(d)</u>. During the two years immediately preceding the Petition Date, the Debtors have provided financial statements on a consolidated basis in the ordinary course of their business to various parties, including government entities and other interested parties, through online data rooms and other diligence procedures. Furthermore, as a public company, the Debtors provide routine and ordinary course disclosures through 10-K and 10-Q Security and Exchange Commission required filings.

9.      <u>Statement 28</u>. The Debtors listed all officers and directors in Attachment 28 to Statement 28.

On October 7, 2021, Mr. Aaron Hollander resigned as director of the Board of Sequential Brands Group, Inc. The resignation did not involve a disagreement with the Company on any matter relating to its operations, policies or practices, or any performance related issues.

10.     <u>Statement 29</u>. The directors and officers listed on Statement 29 resigned throughout the year prior to the Petition Date due to various reasons, including as a result of the execution of the Fourth Amendment to Third Amended and Restated Credit Agreement Side Letter (as amended and supplemented, the "<u>Side Letter</u>"), dated November 16, 2020, by and between Sequential Brands Group, Inc., the Guarantors party thereto, the Lenders party thereto, and Wilmington Trust, N.A. The Side Letter required Sequential Brands Group, Inc. to reduce the size of the board of directors (the "<u>Board</u>") to four directors effective as of April 1, 2021 and procure and accept irrevocable letters of resignations of the directors (other than the Existing KKR Designees) in order to satisfy the reduction in the size of the Board.

11.     <u>Statement 30</u>. Any and all known disbursements to insiders of the Debtors have been listed in the Debtors response to Statement 4. The items listed under Statement 30 incorporate by reference any items listed under Statement 4, and vice versa.

**Fill in this information to identify the case:**

Debtor Name: In re : Joe's Holdings, LLC

United States Bankruptcy Court for the:  District Of Delaware

Case number (if known): 21-11205 (JTD)

☐ Check if this is an
amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy  04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
| --- | --- |

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
| --- | --- | --- | --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** | From 1/1/2021<br>MM / DD / YYYY | to | Filing date | ☑ Operating a business<br>☐ Other _____ | $ 4,208,006.00 |
| **For prior year:** | From 1/1/2020<br>MM / DD / YYYY | to | 12/31/2020<br>MM / DD / YYYY | ☑ Operating a business<br>☐ Other _____ | $ 6,746,616.00 |
| **For the year before that:** | From 1/1/2019<br>MM / DD / YYYY | to | 12/31/2019<br>MM / DD / YYYY | ☑ Operating a business<br>☐ Other _____ | $ 8,136,682.00 |

Debtor: Joe's Holdings, LLC _____     Case number *(if known)*: 21-11205 _____

Name

## 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ MM / DD / YYYY | to Filing date | _____ | $ _____ |
| **For prior year:** | From _____ MM / DD / YYYY | to _____ MM / DD / YYYY | _____ | $ _____ |
| **For the year before that:** | From _____ MM / DD / YYYY | to _____ MM / DD / YYYY | _____ | $ _____ |

Debtor:  Joe's Holdings, LLC

Name

Case number *(if known)*:    21-11205

---

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
| --- | --- |

**3.** **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825 . (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
| --- | --- | --- | --- | --- |
| 3.1 | | | $ | ☐  Secured debt |
| | Creditor's Name | | | ☐  Unsecured loan repayments |
| | | | | ☐  Suppliers or vendors |
| | Street | | | ☐  Services |
| | | | | ☐  Other |
| | City          State          ZIP Code | | | |
| | Country | | | |

**4.** **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| | Insider's Name and Address | Dates | Total amount or value | Reason for payment or transfer |
| --- | --- | --- | --- | --- |
| 4.1 | | | $ | |
| | Insider's Name | | | |
| | Street | | | |
| | City          State          ZIP Code | | | |
| | Country | | | |
| | **Relationship to Debtor** | | | |

Debtor:  Joe's Holdings, LLC                              Case number *(if known)*    21-11205
_____              _____
Name

**5.  Repossessions, foreclosures, and returns**

   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's Name and Address | Description of the Property | Date | Value of property |
|---|---|---|---|
| 5.1 _____ | _____ | _____ | $ _____ |
| Creditor's Name | | | |
| _____ | | | |
| Street | | | |
| _____ | | | |
| _____ | | | |
| City       State       ZIP Code | | | |
| _____ | | | |
| Country | | | |

**6.  Setoffs**

   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's Name and Address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 _____ | _____ | _____ | $ _____ |
| Creditor's Name | | | |
| _____ | | | |
| Street | | | |
| _____ | Last 4 digits of account number: XXXX– _____ | | |
| _____ | | | |
| City       State       ZIP Code | | | |
| _____ | | | |
| Country | | | |

Debtor:  Joe's Holdings, LLC                                      Case number *(if known)*:    21-11205
_____
Name

---

| **Part 3:** | **Legal Actions or Assignments** |
|---|---|

**7.**   **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None

|  | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1 | _____ | _____ | Name _____ | ☐ Pending |
|  |  |  | Street _____ | ☐ On appeal |
|  |  |  | _____ | ☐ Concluded |
|  | **Case number** |  | City      State      ZIP Code |  |
|  | _____ |  | Country _____ |  |

**8.**   **Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

|  | Custodian's name and address | Description of the Property | Value |
|---|---|---|---|
| 8.1 | _____ | | $ _____ |
|  | Custodian's name | **Case title** | **Court name and address** |
|  | Street _____ | _____ | Name _____ |
|  | _____ | **Case number** | Street _____ |
|  | City      State      ZIP Code | _____ | City      State      ZIP Code |
|  | Country _____ | **Date of order or assignment** | Country _____ |
|  |  | _____ |  |

---

Debtor:  Joe's Holdings, LLC

Case number *(if known):*   21-11205

Name

| Part 4: | Certain Gifts and Charitable Contributions |
|---------|--------------------------------------------|

9.  **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|---|
| 9.1 | | | | $ |
| | Creditor's Name | | | |
| | Street | | | |
| | City          State          ZIP Code | | | |
| | Country | | | |
| | **Recipient's relationship to debtor** | | | |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor: Joe's Holdings, LLC

Name

Case number *(if known):*   21-11205

---

| Part 5: | Certain Losses |

**10.   All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1 | | | $ |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor:  Joe's Holdings, LLC
_____
Name

Case number *(if known)*:  21-11205
_____

---

**Part 6:**    Certain Payments or Transfers

**11.**   **Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1 | | | | $ |
| | **Address** | | | |
| | Street | | | |
| | City      State      ZIP Code | | | |
| | Country | | | |
| | **Email or website address** | | | |
| | **Who made the payment, if not debtor?** | | | |

**12.**   **Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|---|
| 12.1 | | | | $ |
| | **Trustee** | | | |

---

Debtor: Joe's Holdings, LLC

Case number *(if known)*: 21-11205

Name

**13.  Transfers not already listed on this statement**

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

|  | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1 |  |  |  | $ |

**Address**

Street

City            State            ZIP Code

Country

**Relationship to Debtor**

Debtor:   Joe's Holdings, LLC                                                Case number *(if known)*:    21-11205

Name

| Part 7: | Previous Locations |

14.  **Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy |
|---|---|
| 14.1  601 W 26th ST | From 6/16/2016    To 9/30/2020 |
| Street | |
| 9th FL | |
| New York          NY          10001 | |
| City          State          ZIP Code | |
| | |
| Country | |

Debtor:    Joe's Holdings, LLC                                                          Case number *(if known)*:    21-11205
_____
Name

| Part 8: | Health Care Bankruptcies |
|---|---|

### 15. Health Care bankruptcies

Is the debtor primarily engaged in offering services and facilities for:
— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| | Facility Name and Address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|---|
| 15.1 | | | |
| | Facility Name _____ | | |
| | _____ | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | How are records kept? |
| | Street _____ | | Check all that apply: |
| | _____ | | ☐  Electronically |
| | City        State        ZIP Code _____ | | ☐  Paper |
| | Country _____ | | |

Debtor: Joe's Holdings, LLC
_____
Name

Case number *(if known)*: 21-11205
_____

**Part 9:    Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒ No.

☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

**17.  Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| 17.1 _____ | EIN: _____ |

Has the plan been terminated?

☐ No

☐ Yes

Debtor: Joe's Holdings, LLC
_____
Name

Case number *(if known)*:  21-11205
_____

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1 | Name _____<br><br>Street _____<br><br>_____<br>City   State   ZIP Code<br>_____<br>Country | XXXX-____ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other _____ | _____ | $ _____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| | Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 19.1 | Name _____<br><br>Street _____<br><br>_____<br>City   State   ZIP Code<br>_____<br>Country | **Address**<br>_____ | | ☐ No<br><br>☐ Yes |

Debtor:  Joe's Holdings, LLC                                        Case number *(if known)*:    21-11205
         Name

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| | Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 20.1 | | | | ☐ No |
| | Name | | | |
| | | | | ☐ Yes |
| | Street | | | |
| | | **Address** | | |
| | City        State        ZIP Code | | | |
| | Country | | | |

Debtor:    Joe's Holdings, LLC
_____
Name

Case number *(if known)*    21-11205
_____

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1 _____ <br> Name <br><br> _____ <br> Street <br><br> _____ <br><br> _____ <br> City          State          ZIP Code <br><br> _____ <br> Country | _____ | _____ | $ _____ |

Debtor:  Joe's Holdings, LLC                                                                Case number *(if known):*    21-11205
_____
        Name

---

**Part 12:**   **Details About Environmental Information**

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22.  Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No

☐ Yes. Provide details below.

| | Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|---|
| 22.1 | _____ | Name _____ | _____ | ☐ Pending |
| | | | | ☐ On appeal |
| | | Street _____ | | ☐ Concluded |
| | Case Number | | | |
| | _____ | City          State          ZIP Code | | |
| | | Country _____ | | |

**23.  Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No

☐ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|---|
| 23.1 | Name _____ | Name _____ | _____ | _____ |
| | Street _____ | Street _____ | | |
| | City       State       ZIP Code | City       State       ZIP Code | | |
| | Country _____ | Country _____ | | |

---

Debtor:  Joe's Holdings, LLC                                          Case number *(if known)*:   21-11205

Name

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 24.1 | | | |
| Name | Name | | |
| Street | Street | | |
| | | | |
| City        State        ZIP Code | City        State        ZIP Code | | |
| Country | Country | | |

Debtor: Joe's Holdings, LLC

Name

Case number *(if known)*: 21-11205

## Part 13:    Details About the Debtor's Business or Connections to Any Business

**25.    Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1 | | | EIN: |
| | Name | | **Dates business existed** |
| | | | From _____ To _____ |
| | Street | | |
| | | | |
| | City          State          ZIP Code | | |
| | | | |
| | Country | | |

**26.    Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| | Name and Address | Dates of service |
|---|---|---|
| 26a.1 | Kathleen Adach, Controller | From  4/11/2016    To  Current |
| | Name | |
| | 1407 Broadway | |
| | Street | |
| | 38th FL | |
| | | |
| | New York          NY          10018 | |
| | City          State          ZIP Code | |
| | | |
| | Country | |
| 26a.2 | Lorraine DiSanto, CFO | From  10/27/2020    To  Current |
| | Name | |
| | 1407 Broadway | |
| | Street | |
| | 38th FL | |
| | | |
| | New York          NY          10018 | |
| | City          State          ZIP Code | |
| | | |
| | Country | |

Debtor: Joe's Holdings, LLC      Case number *(if known)*: 21-11205

Name

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and Address | | | Dates of service | | |
|---|---|---|---|---|---|
| 26b.1 Cohn Reznick | | | From | 2014 | To   2021 |
| Name | | | | | |
| 100 Jericho Quadrangle | | | | | |
| Street | | | | | |
| Suite 223 | | | | | |
| Jericho | NY | 11753 | | | |
| City | State | ZIP Code | | | |
| | | | | | |
| Country | | | | | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | | | If any books of account and records are unavailable, explain why |
|---|---|---|---|
| 26c.1 Sequential Brands Group, Inc. Attn: Lorraine DiSanto, CFO | | | |
| Name | | | |
| 1407 Broadway | | | |
| Street | | | |
| 38th FL | | | |
| New York | NY | 10018 | |
| City | State | ZIP Code | |
| | | | |
| Country | | | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address | | |
|---|---|---|
| 26d.1 See Global Note | | |
| Name | | |
| Street | | |
| | | |
| City | State | ZIP Code |
| | | |
| Country | | |

Debtor:  Joe's Holdings, LLC                                     Case number *(if known)*:    21-11205
_____
Name

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of Inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

|  | Name and address of the person who has possession of inventory records |
|---|---|
| 27.1 | |
| | Name |
| | Street |
| | |
| | City          State          ZIP Code |
| | Country |

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

|  | Name | Address | Position and Nature of any interest | % of interest, if any |
|---|---|---|---|---|
| 28.1 | SQBG, Inc. | 1407 Broadway, 38th Fl, New York, NY 10018 | Managing Member | 100.00% |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☒ No

☐ Yes. Identify below.

|  | Name | Address | Position and Nature of any interest | Period during which position or interest was held |
|---|---|---|---|---|
| 29.1 | | | | From _____  To _____ |

Debtor: Joe's Holdings, LLC
Name

Case number *(if known)*    21-11205

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☒ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 | | | |
| Name | | | |
| Street | | | |
| City          State          ZIP Code | | | |
| Country | | | |
| **Relationship to debtor** | | | |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☒ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1 Sequential Brands Group, Inc. | EIN: 47-4452789 |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1 | EIN: |

**Part 14:**  Signature and Declaration

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.

18 U.S.C.§§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     10/18/2021
                  MM / DD / YYYY

✖     / s / Lorraine DiSanto                              Printed name    Lorraine DiSanto

       Signature of individual signing on behalf of the debtor

       Position or relationship to debtor     CFO

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?

☑     No

☐     Yes